**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| YUSUF ABDULLAH MUHAMMAD,<br><br>    Plaintiff,<br><br>  v.<br><br>G. MACK, LT. P. MILLER, et al.,<br><br>    Defendants. | 1:18-cv-03452-NLH-AMD<br><br>**MEMORANDUM OPINION<br>AND ORDER** |

IT APPEARING THAT:

1. Pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, because Plaintiff is proceeding *in forma pauperis* and is incarcerated, the Court screened Plaintiff's complaint for dismissal and determined that the complaint states an Eighth Amendment excessive force claim and state law assault and battery claim against Defendants Mack, Miller, and certain Does; an Eighth Amendment failure to intervene claim against Defendant Miller and certain Does; and an Eighth Amendment medical claim against other Defendant Does. (Docket No. 5.)

2. Currently pending are four motions filed by Plaintiff for default judgment against Defendants Mack and Miller. Plaintiff seeks $1.0 million plus 6% interest and costs.[1]

---

[1] The first two motions were filed before the Clerk entered default. Those motions must be denied on procedural grounds. See Jones v. Housing Authority for City of Camden, 2010 WL 1492904, at *1 (D.N.J. 2010) ("Under Federal Civil Procedure Rule 55, obtaining a default judgment is a two-step process. First, when a

(Docket No. 14, 20, 21, 22.)

3. Also pending is the motion of Defendants to vacate default and extend the time for them to respond to Plaintiff's complaint. (Docket No. 29.)

4. Summonses were returned as executed as to Defendants on July 24, 2018. (Docket No. 10, 11.)

5. Because Defendants failed to appear in the action and respond to Plaintiff's complaint, at Plaintiff's request, the Clerk entered default on October 5, 2018.

6. Defendants request that the Court set aside the Clerk's entry of default, deny Plaintiff's motions for default judgment, and permit them leave to respond to Plaintiff's complaint. Defendants explain that pursuant to internal protocols of the Office of the Attorney General, as well as those of the New Jersey Department of Corrections, individual defendants who are named and served in a lawsuit must formally request legal representation. Those requests were not received by the Attorney General's Office until January 18, 2019. Representation of State employees by the AG is not automatic, see N.J.S.A. 59:10A-2, et seq., and Defendants' representation

---

defendant has failed to plead or otherwise respond, a plaintiff may request the entry of default by the Clerk of the Court. Fed. R. Civ. P. 55(a). After the Clerk has entered the party's default, a plaintiff may then obtain a judgment by default by either (1) asking the Clerk to enter judgment, if the judgment is a sum certain, or (2) applying to the Court. Fed. R. Civ. P. 55(b).").

request required review.  Three days later, once the AG's office determined it would represent Defendants, they filed their motion to vacate default and extend the time to file their answer or otherwise respond to Plaintiff's complaint.

7. As noted above, entry of default judgment requires two steps – first, the Clerk must enter default under Rule 55(a), and then either the Clerk or the Court may enter default judgment under Rule 55(b).  When default has been entered and before default judgment has been entered, "[t]he court may set aside an entry of default for good cause."  Fed. R. Civ. P. 55(c).  "A decision to set aside an entry of default . . . 'is left primarily to the discretion of the district court.'" Bailey v. United Airlines, 279 F.3d 194, 204 (3d Cir. 2002) (quoting Hritz v. Woma Corp., 732 F.2d 1178, 1180 (3d Cir. 1984)).

8. The same standard applies when determining whether to enter default judgment under Rule 55(b) or set aside an entry of default under Rule 55(c).  See Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000) (discussing the standard for entering default judgment and citing United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 195 (3d Cir. 1984), which discusses the standard for setting aside an entry of default).

9. In either situation, the Court must consider three factors: "(1) prejudice to the plaintiff if default is denied; (2) whether the defendant appears to have a litigable defense; and (3) whether defendant's delay is due to culpable conduct." Id. (citing $55,518.05 in U.S. Currency, 728 F.2d at 195). In conducting this analysis, the Court must also consider that default judgments are generally disfavored in the Third Circuit, as they prevent claims from being determined on the merits. See Budget Blinds, Inc. v. White, 536 F.3d 244, 258 (3d Cir. 2008) (citing $55,518.05 in U.S. Currency, 728 F.2d at 194-95).

10. Additionally, when considering an application for entry of a default judgment under Rule 55(b)(2), the Court is "required to exercise 'sound judicial discretion' in deciding whether the judgment should be entered [and] '[t]his element of discretion makes it clear that the party making the request is not entitled to a default judgment as of right, even when defendant is technically in default and that fact has been noted under Rule 55(a)." Franklin v. National Maritime Union of America, 1991 WL 131182, *1 (D.N.J. 1991) (quoting 10 Wright, Miller & Kane, Federal Practice and Procedure § 2685 (1983)).

11. The Court will grant Defendants' motion to vacate

4

default and deny Plaintiff's motions for default judgment for the following reasons: (1) good cause exists for Defendants' delay in responding the Plaintiff's complaint; (2) Defendants have valid defenses to Plaintiff's claims; (3) Plaintiff has not stated how he would be prejudiced if the Clerk's entry of default is vacated; and (4) Plaintiff has not articulated the substantive legal basis for a finding in his favor on this Eighth Amendment and other claims.

THEREFORE,

IT IS on this ___25th___ day of __March__, 2019

ORDERED that the MOTION to Set Aside Default by G. MACK, P. MILLER [29] be, and the same hereby is, GRANTED; and it is further

ORDERED that Plaintiff's Motions for Default Judgment [14, 20, 21, 22] be, and the same hereby are, DENIED; and it is further

ORDERED that Defendants shall file their answer or otherwise respond to Plaintiff's complaint within 30 days.

At Camden, New Jersey

s/ Noel L. Hillman
NOEL L. HILLMAN, U.S.D.J.

5