```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
_____
                                    :
YUSUF ABDULLAH MUHAMMAD,            :
                                    :
          Plaintiff,                :  Civ. No. 18-3452 (NLH)(AMD)
                                    :
     v.                             :      OPINION
                                    :
                                    :
G. MACK, et al.,                    :
                                    :
          Defendants.               :
_____:
```

APPEARANCES:

Yusuf Abdullah Muhammad
430637B/1102980
Bayside State Prison
PO Box F-1
Leesburg, NJ 08327
    Plaintiff Pro se

Gurbir S. Grewal, New Jersey Attorney General
Kevin John Dronson, Deputy Attorney General
State of New Jersey
Office of the Attorney General
25 Market Street
Trenton, NJ 08625
    Attorneys for Defendants

<u>HILLMAN</u>, District Judge

Plaintiff Yusuf Abdullah Muhammad, presently incarcerated in Bayside State Prison, Leesburg, New Jersey, filed this complaint under 42 U.S.C § 1983. ECF No. 1. Defendants now move for partial dismissal of the complaint, arguing that Plaintiff has failed to state claims against them in their official capacities and for declaratory relief. ECF No. 33.

Plaintiff has not filed opposition to the motion.  For the reasons that follow, the Court will grant the motion.

I. BACKGROUND

Plaintiff filed the complaint on March 12, 2018, alleging that Defendants Mack and John Does 1-3 assaulted Plaintiff in his cell in Mid-State Correctional Facility on February 2, 2018. ECF No. 1 at 8-9.  He further alleged Defendants Mack and John Doe Medical Director failed to intervene in this assault.  Id. at 9.  Plaintiff asserts he was denied medical care afterwards. Id. at 11.  The Court screened the complaint pursuant to 28 U.S.C. § 1915 and permitted it to proceed in full.  ECF No. 5.

The Clerk entered default against Defendants on October 5, 2018.  Defendants moved to set aside the default on January 21, 2019.  ECF No. 29.  The Court granted the unopposed motion on March 25, 2019.  ECF No. 32.

Defendants now move to partially dismiss the complaint. ECF No. 33.  They argue they are immune from suit in their official capacities and that Plaintiff is not entitled to declaratory relief.  Plaintiff has not filed opposition to the motion.

II. DISCUSSION

A. Legal Standard

When considering a motion to dismiss a complaint for failure to state a claim, Fed. R. Civ. P. 12(b)(6), the Court

2

must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the non-moving party. A motion to dismiss may be granted only if the plaintiff has failed to set forth fair notice of what the claim is and the grounds upon which it rests that make such a claim plausible on its face. Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007). Although Rule 8 does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 555).

In reviewing the sufficiency of a complaint, the Court must "tak[e] note of the elements [the] plaintiff must plead to state a claim. Second, it should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, [w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Connelly v. Lane Const. Corp., 809 F.3d 780, 787 (3d Cir. 2016) (alterations in original) (internal citations and quotation marks omitted). "[A] complaint's allegations of historical fact continue to enjoy a highly favorable standard of review at the motion-to-dismiss stage of proceedings." Id. at 790.

B.  Analysis

Plaintiff filed his complaint under 42 U.S.C. § 1983.  In order to set forth a prima facie case under § 1983, a plaintiff must show: "(1) a person deprived him of a federal right; and (2) the person who deprived him of that right acted under color of state or territorial law."  Groman v. Twp. of Manalapan, 47 F.3d 628, 633 (3d Cir. 1995) (citing Gomez v. Toledo, 446 U.S. 635, 640 (1980)).  Generally, for purposes of actions under § 1983, "[t]he term 'persons' includes local and state officers acting under color of state law."  Carver v. Foerster, 102 F.3d 96, 99 (3d Cir. 1996) (citing Hafer v. Melo, 502 U.S. 21 (1991)).

"Person" is not strictly limited to individuals who are state and local government employees.  For example, municipalities and other local government units, such as counties, also are considered "persons" for purposes of § 1983.  See Monell v. N.Y.C. Dep't of Soc. Servs., 436 U.S. 658, 690-91 (1978).  A State, agency, or an official of the State acting in his or her official capacity, is not a "person" within the meaning of § 1983, however.  See Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989).  Rather, a suit against a public official in their official capacity "'is a suit against the official's office . . . .'"  Printz v. United States, 521 U.S. 898, 930-31 (1997) (quoting Will, 491 U.S. at 71).  Because

Defendants are not "persons" within the meaning of § 1983 in their official capacities, the official capacity claims must be dismissed.  The individual capacity claims may proceed.

Defendants also move for dismissal of Plaintiff's claim for declaratory relief.  "The purpose of a declaratory judgment is to 'declare the rights of litigants.'  The remedy is thus by definition prospective in nature." CMR D.N. Corp. v. City of Phila., 703 F.3d 612, 628 (3d Cir. 2013) (quoting Wilton v. Seven Falls Co., 515 U.S. 277, 286 (1995)).  Plaintiff "cannot obtain declaratory relief for past alleged wrongs." Capozzi v. Bledsoe, 560 F. App'x 157, 159 (3d Cir. 2014).  Plaintiff does not request prospective relief, only monetary damages for past injuries.  A declaratory judgment is not available for this purpose.

III. CONCLUSION

For the foregoing reasons, the motion for partial dismissal is granted.  An appropriate order will be entered.

Dated: December 3, 2019         s/ Noel L. Hillman
At Camden, New Jersey           NOEL L. HILLMAN, U.S.D.J.